## Boggs v. Bandy.

*A judgment on a sci. fa. against the obligor in an injunction bond, will not be reversed for error, though the bond, by statute, when forfeited, had of itself the force and effect of a judgment.*

On the 21st of October, 1825, a bond was executed by L. Leftwich and George Boggs, jr payable to Richard Bandy, in the penal sum of $1685 76, conditioned, that whereas, Leftwich had obtained an injunction to restrain further proceedings by Bandy, on a judgment at law which he had obtained against Leftwich, in Lauderdale Circuit Court; that if the said Leftwich should prosecute the said bill of injunction to effect, or in case of failure, then if he paid the judgment or decree of the Court, to be void, else of full force, &c.   On this bond. on the 18th of September, 1827, Bandy issued a *scire facias* against Boggs, and at October term, 1827, of said Court, recovered a judgment by *nil dicit* on it for $842 88, and $134 86 damages and costs.

CoALTER, of counsel for Boggs, assigned for error in this Court. among other matters which it is not necessary here to notice, that the *scire facias* would not lie on this bond, and that it was not the proper remedy; wherefore the judgment was improper.

W. B. Martin, for the defendant.   The bond was taken in pursuance of the order of the Chancellor, attested by the clerk, and filed.   It is thereby made a part of the record in the Chancery suit, and therefore is a proper foundation for a *scire facias*.   If this ground is not sufficient, then we insist that by the acts of the 4th and 12th of January 1826,[a] a judgment is authorized against a se- *a* Acts of 1826 p. 13 & 79. security in an injunction bond, at the time the judgment is rendered against the complainant in equity; such judgment is equal to a verdict against the security, and it becomes a debt of record.   Then, inasmuch as no judgment was then taken against the security in this case, therefore a *scire facias*, or something similar, which gave notice to the party, was necessary, and nothing more.   The defendant failed to plead or demur to the *scire facias*, and the judgment rendered by *nil dicit* is as conclusive as if rendered on

verdict.   It is no objection to say that the *scire facias*
should not lie because it creates costs, and that the judg-
ment should have been taken against the security at the
time the judgment was rendered against the complainant in
equity.   The same reason might be given where a plaintiff
delays issuing execution on a judgment until after a year
and a day, and it becomes necessary to revive the judg-
ment; the expense of revival is always allowed; the rea-
son is that the debtor could and should have satisfied the
demand. It is also an acknowledged principle, that Courts
will never reverse a judgment, for the purpose of turning
a party round to another action to produce the same result.
The *scire facias* was an action which did produce a pro-
per result, and therefore the judgment should not be dis-
turbed.[a]

*a* 7 Mass. R.
507. 2 Bur-
rows, 936.

By JUDGE WHITE.   None of the assignments of
error in this case are sustained by the record, except those
which question the legality of proceeding by *scire facias*,
upon a forfeited injunction bond.  By the act of Assembly
of the 12th January, 1826, it is provided, " that all and
every bond or bonds executed for the purpose of obtaining
an injunction or injunctions, shall, on the dissolution of
said injunction or injunctions, have the force and effect of
a judgment; and it shall be lawful for the party or parties,
whose judgment may have been injoined, to take out exe-
cution against all the obligors, in the bond or bonds, for
the amount of the judgment which shall have been injoin-
ed, together with lawful interest thereon; and also the
costs incurred in and about the said Chancery proceed-
ings. "   From the provisions of this law, it is manifest
the plaintiff below might have had his execution without
the aid of a *scire facias*.   But the issuance of the writ, by
notifying the defendant, operated to his benefit, and cannot
be complained of by him; and although unnecessary, we
conceive it was not erroneous to proceed in that manner.

The judgment of the Court below, must therefore be
affirmed.

By JUDGE COLLIER.   With due deference, the
opinion of the Court, in my apprehension, is not sustaina-
ble either upon principle or authority.   And whether we
consider the case upon the assumption, that the act of the
12th January, 1826, does not influence the remedy upon
injunction bonds executed previous to its passage, or up-

on the hypothesis, that the act is operative upon bonds of an anterior date, the legal conclusion must be the same.

It is doubted in some of the old books of authority, whether a *scire facias* lay at common law; but Lord Coke says the doubt arose from a neglect to distinguish between personal and real actions. In the former, it was given by the statute of Westminster 2. 13 Edward 1, statute 1, chapter 45. In the latter, as well as mixed actions, it was a remedy existing at common law.[a]

On recognizances at common law, no *scire facias* lay until it was given by the 2d Westminster. Since the enactment of that statute, a *scire facias* may be defined to be a judicial writ or action, founded on some matter of record, as judgments, recognizances, and letters patent.[b] Now it is obvious, that the bond in question is not a matter of record; nor can it with propriety be distinguished as a judicial act. It was not taken by direction of any statute, but under the *fiat* of the Judge awarding the injunction, by the clerk of the Court, in the performance of his ministerial duties. If a *scire facias* can be sustained on this bond, it would be difficult to conceive of one taken by an officer of a Court of record, on which that remedy would not be proper. In my opinion, the proper remedy on all bonds taken by ministerial officers of Court, independent of general or special legislation controlling, is an action of debt, or other appropriate common law action.

The common law has been doubtless repeatedly supposed to be co-extensive with the statute of Wesminster 2d; and this mistake has happened from a neglect of many of the adjudged cases, to refer to that Statute. But if the statute itself could be considered as expressive of the common law, for the reasons stated, it is apparent to my mind that the bond is not a fit subject for the remedy by *scire facias*. I am not inclined to controvert the position impliedly assumed in the opinion of the Court, that the act of the 12th January, 1826, does operate retrospectively, so as to extend its influence to the remedy upon the bond. This construction furnishes a sufficient reason why the judgment should not be sustained. By that act, the bond itself, on a dissolution of the injunction, is declared to have the force and effect of a judgment, and execution may thereupon be issued against all the obligors. Is it proposed to effect more by the *scire facias*, than to obtain a judgment upon the bond? Certainly not. By the judgment upon the *scire facias*, the obligee in the bond acquires no power

a Salk. 258, 600. 6 Bac. Abridg't 104. 3 Blac. Com. 421. 6 Jacob's Law Dic. 22, and cases there referred to.

b 2 Term. R. 46 and 267.

which he did not before possess, to coerce the payment of his judgment at law, and decree upon the bill. Surely it is no answer to this to say, that the proceeding by *scire facias* cannot prejudice, but will rather benefit the obligor. It is apprehended it would not be insisted, that after a judgment obtained against the maker of a note, another action could be sustained on the same note; though it might with equal force be urged that the defendant would be rather benefitted than prejudiced thereby, as he might obtain a delay, and interpose matters of defence, which the enforcement of the judgment would not allow. To my mind it is a sufficient answer to this argument, that by the entertainment of the *scire facias*, the defendant is unnecessarily and vexatiously mulct in costs.

In every point of view in which I can conceive of the case, I am of opinion that the judgment should be reversed.

Judgment affirmed.

